O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CARLTON,<br><br>        Plaintiff,<br><br>  v.<br><br>THE HERTZ CORPORATION,<br><br>        Defendant. | Case No. CV 12-07178 JGB (MRWx)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 6) WITHOUT LEAVE TO AMEND**<br><br>**[Motion filed on September 17, 2012]** |

On January 28, 2013, a hearing was held on Defendant The Hertz Corporation's Motion to Dismiss ("MTD") (Doc. No. 6) against Plaintiff Dennis Carlton.  Having considered all papers and the arguments presented at the hearing in support of and in opposition to the MTD, the Court GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

**A.   Procedural History**

Plaintiff Dennis Carlton, a resident of California, brings this action in diversity against Defendant The Hertz Corporation, a corporation incorporated in Delaware with its principal place of business in New Jersey. (Complaint, Doc. No. 1, ¶¶ 1-3.)  On August 21, 2012, Plaintiff Dennis Carlton filed a Complaint against Defendant The Hertz Corporation for personal injuries that occurred on Defendant's bus.  On September 17, 2012, Defendant filed a Motion to Dismiss ("MTD"), contending Plaintiff's claims are time-barred by the applicable California statute of limitations.  (Doc. No. 6.)  On December 17, 2012, Plaintiff opposed Defendant's MTD, arguing that this Court should apply Florida's statute of limitations, rather than California's.  (Opposition to Defendant's Motion to Dismiss ("Opposition"), Doc. No. 16.)  On December 26, 2012, Defendant filed its Reply, which acknowledged that the Court must apply California's "governmental interest approach" to determine the applicable choice of law but concluded such analysis results in the application of California's statute of limitations.  (Reply at 1-2, Doc. No. 17.)

**B.   Factual Background**

On October 29, 2009, Plaintiff was on board a courtesy bus owned and operated by Defendant at Miami International Airport. (Complaint, ¶ 5.)  Plaintiff alleges that the bus driver "negligently, recklessly, and carelessly stopped the bus suddenly and abruptly." (Complaint, ¶ 6.)  As a result, Plaintiff alleges he was thrown headfirst into the bus windshield, causing him severe physical and mental injuries. (Complaint, ¶¶ 6-11.)  Plaintiff demands a jury trial and seeks general and special damages. (Complaint at 3.)

## II. LEGAL STANDARD

**A.   Dismissal Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

    A statute of limitations defense "may be raised by a motion for dismissal ... [i]f the running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).  Since the complaint states when and where the accident occurred and the residences of the parties, the Court can determine the running of the statute from the face of the complaint.  (Complaint at 1-2.)

**III. DISCUSSION**

**A.  Choice of Law**

The parties disagree on whether the California or Florida statute of limitations applies in this case. In diversity cases, a district court must apply the choice of law analysis of the state in which it sits. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>Waggoner v. Snow, Becker, Kroll, Klaris & Krauss</u>, 991 F.2d 1501, 1506 (9th Cir. 1993). This is a diversity case, and this Court sits in California, therefore, California's choice of law rules apply.

California utilizes a "governmental interest" approach to resolve choice of law issues. <u>Kearney v. Salomon Smith Barney, Inc.</u>, 39 Cal. 4th 95, 107 (2006). The governmental interest approach generally involves three steps.

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to

> determine whether a true conflict exists.
> Third, if the court finds that there is a true
> conflict, it carefully evaluates and compares
> the nature and strength of the interest of each
> jurisdiction in the application of its own law
> to determine which state's interest would be
> more impaired if its policy were subordinated
> to the policy of the other state. Id. at 107-
> 08 (internal citations omitted).

**1. Differing Law**

First, the statutes of limitations of four jurisdictions are relevant to this action. Since Plaintiff is a resident of California and the suit is brought in this forum, Defendant contends that California's two year statute of limitations for personal injury actions applies to Plaintiff's claims. See Cal. Code Civ. Proc. § 335.1. Plaintiff counters that since the incident giving rise to the action occurred in Florida, that state's four year statute of limitations applies. See Fla. Stat. Ann. § 95.11. Finally, Defendant notes in his reply papers that the statutes of limitations in Defendant's state of incorporation, Delaware, and Defendant's principal place of business, New Jersey, should also be considered. The statutes of limitations for personal injury actions in Delaware and

6

New Jersey are both two years.  <u>See</u> Del. Code Ann. § 8119, N.J. Stat. Ann. § 2A:14-2.  Under the California, Delaware, and New Jersey 2-year statutes of limitations, Plaintiff's claims would be barred.  However, Florida's law grants Plaintiff four years to file for relief, and in that state his claims remain ripe.  Therefore, there is a difference in the relevant law of the potentially affected jurisdictions.

**2. No True Conflict**

The Court therefore considers the forums' competing interests in applying their own statutes of limitations to the instant claims.  The Ninth Circuit has given district courts clear direction when determining California's interest in the application of its own law. "Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law. . . . California's interest in applying its own law is strongest when its statute of limitations is shorter than that of the foreign state, because a state has a substantial interest in preventing the prosecution in its courts of claims which it deems to be 'stale.' Hence, subject to rare exceptions, the forum will dismiss a claim that is barred by its statute of limitations." <u>Deutsch v. Turner Corp.</u>, 324 F.3d 692, 716-17 (9th Cir.

2003) (internal citations omitted). Thus, as Deutsch notes, California has a strong and substantial interest in the application of its own statute of limitations where, as here, its statute of limitations is shorter than the other state's law.

Plaintiff has not demonstrated that this case presents a "rare exception" warranting the application of Florida's statute of limitations. Plaintiff relies on a 1987 case where the Ninth Circuit applied the statute of limitations of the state in which the injury occurred. In that case, the Court applied Arizona's longer statute of limitations because the state had expressed a unique interest in hearing claims arising out of highway accidents. Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 486 (9th Cir. 1987) ("Were we to apply the California statute of limitations in this case, we would impede the legitimate interest of the state of Arizona in promoting highway safety . . . ."); see also Theranos, Inc. v. Fuisz Pharma LLC, 876 F. Supp. 2d 1123, 1131 (N.D. Cal. 2012) (applying California's statute of limitations because "the Legislature established a detailed, explicit, and exclusive scheme for commencing and tolling the legal malpractice limitations periods"); Castro v. Budget Rent-A-Car Sys., Inc., 154 Cal. App. 4th 1162, 1181 (2007) (applying the law of the state of injury in part because it had a judicially formulated

fundamental interest in deterring negligent driving on the state's roadways). Nowhere in his Opposition does Plaintiff allege that Florida has a similarly unique and substantial interest in the application of its generic statute of limitations for negligence claims.

Instead, Plaintiff relies on <u>McCann v. Bekins Van Lines</u>, 48 Cal.4th 68 (2010) to argue that failure to apply Florida's statute of limitations would impair its interest in "establish[ing] a reliable rule of law to govern a business's potential liability for conduct undertaken in its borders." (Opposition at 6.) Plaintiff does not cite any Florida statutes or opinions to support this alleged interest, and his reliance on <u>McCann</u> is misplaced as that case did not involve Florida law. Even assuming the state interest identified in <u>McCann</u> is relevant to Florida, Plaintiff misinterprets the state interest described in that case. In <u>McCann</u>, plaintiff was an Oklahoma resident who was exposed to asbestos in an Oklahoma refinery owned by defendant, a corporation headquartered in New York. <u>McCann</u>, 48 Cal.4th at 74. When plaintiff brought suit over 50 years later, he was a California resident and sought to apply California law, as the action was time-barred under Oklahoma's statute of repose. <u>Id.</u> at 74-75. The Court applied Oklahoma law barring plaintiff's claims because it found that the "state ordinarily has an interest in

1 having that policy of *limited liability* applied to out-
2 of-state companies that conduct business in the state."
3 Id. at 91 (emphasis added); see also Castro v. Budget
4 Rent-A-Car Sys., Inc., 154 Cal. App. 4th 1162, 1181
5 (2007) (applying the law of the state of injury when that
6 law limited the liability of the defendant).  Here,
7 Plaintiff wishes to apply Florida's statute of
8 limitations to extend Defendant's out-of-state liability,
9 not to limit it.  Thus, McCann does not identify any
10 interest Florida has in the application of its own law.
11 Instead, McCann, like Deutsch, supports the application
12 of California's shorter statute of limitations, as it
13 furthers the state's interest in limiting the liability
14 of Defendant.
15
16     In evaluating a state's interest in applying its own
17 law, Ledesma notes that statutes of limitations are
18 designed to protect state defendants from the burden of
19 defending stale cases.  Ledesma, 816 F.2d at 478 (citing
20 Nelson v. Int'l Paint Co., 716 F.2d 640, 644 (9th Cir.
21 1983)).  In Ledesma, the plaintiff's claims were only
22 stale under California law (plaintiff's state of
23 residence), while they remained valid in defendants'
24 states of residence and in the state of the injury.
25 Thus, applying the statute of limitations from the state
26 of the injury placed no additional burden on the Ledesma
27 defendants and did not impair their states' interests in
28

the applications of their own law. Here, Plaintiff's claims are stale in all potential jurisdictions, including Defendant's state of incorporation and place of business, except in the state in which the injury occurred. Therefore, applying Florida's statute of limitations would severely burden Defendant, would impair Delaware and New Jersey's interest in applying their law to their states' defendant, and would fail to protect any interest Florida has in protecting its defendants, since none are present in this case. Ledesma, 816 F.2d at 485. By contrast, applying California law does not burden Defendant, nor does it impair Delaware or New Jersey's interest in applying their law, since the statutes of limitations in all three jurisdictions are two years and have expired.

On balance, applying California law furthers its own interest in preventing prosecution of stale claims and supports the interests of Delaware and New Jersey by protecting state defendants from defending stale cases. At the same time, no substantial interest in Florida's application of its own law has been put forth. Thus, no true conflict exists, and the law of the forum state applies. Abogados v. AT&T, Inc., 223 F.3d 932, 934 (9th Cir. 2000) ("If only one jurisdiction has a legitimate interest in the application of its rule of decision,

11

there is a 'false conflict' and the law of the interested jurisdiction is applied.").

Plaintiff's claims accrued on October 29, 2009, and he filed this action on August 21, 2012. (Complaint, ¶ 5.) Plaintiff has not met his burden of establishing that Florida's statute of limitations should apply to this personal injury action brought in a California district court. See CRS Recovery, Inc. v. Laxton, 600 F.3d 1138, 1142 (9th Cir. 2010) ("As a default, the law of the forum state will be invoked, and the burden is with the proponent of foreign law to show that the foreign rule of decision will further the interests of that state."). This Court finds 1) that this case does not constitute a rare exception, 2) that California's two-year statute of limitations applies to this case, and 3) that Plaintiff's claims are therefore time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. Because California's two-year statute of limitations applies, Plaintiff's claims are time-barred. Since Plaintiff cannot cure the running of the statute of limitations, all of Plaintiffs

12

claims are DISMISSED WITHOUT LEAVE TO AMEND.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that dismissal without leave to amend is appropriate only when it is clear that the complaint cannot be saved by amendment).

Dated: January 28, 2013

JESUS G. BERNAL
United States District Judge

13